Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Apelada<br><br>v.<br><br>JULIA FELIZ BARRERA<br><br>Apelante | TA2026AP00488 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: AR2026CV00474<br><br>Sobre: Petición de Orden |
|---|---|---|

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Martínez Cordero y el Juez Robles Adorno.

*Martínez Cordero, jueza ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 21 de mayo de 2026.

Comparece Julia Feliz Barrera (en adelante, apelante) mediante un recurso de apelación, para solicitarnos la revisión de la *Sentencia* emitida y notificada el 7 de mayo de 2026, por el Tribunal de Primer Instancia, Sala Superior de Arecibo.[1] Mediante la *Sentencia* apelada, el foro de instancia declaró *Ha Lugar* una petición para hacer cumplir una *Resolución y Orden Administrativa*. En consecuencia, ordenó a la apelante a que, en el término de cinco (5) días, matriculara a sus hijos S.B.F. y A.B.F. en la Escuela Segunda Unidad Manuel Ruiz Gandía (Escuela). De igual forma, apercibió a la apelante sobre su deber de desempeñar un papel activo y de buena fe con los Comités de Programación y Ubicación (COMPU) de cada uno de sus hijos. Además, retuvo jurisdicción para atender los ruegos de la apelante en la eventualidad de que el Departamento de Educación no cumpliese con su deber ministerial de brindar servicios adecuados en conformidad a sus dos hijos en la

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 44.

Escuela. Por último, apercibió a las partes sobre las consecuencias de incumplir con lo ordenado.

Por los fundamentos que expondremos, se *confirma* la *Sentencia* apelada.

I

De entrada, conviene mencionar que, según surge de los autos, allá para junio de 2025, la aquí apelante presentó una querella ante el Foro Administrativo de Educación Especial.[2] Ello, en vista de que el Departamento de Educación no le había provisto a sus dos (2) hijos, los menores S.B.F. y A.B.F, una ubicación conforme al PEI, ni los servicios de apoyo necesarios, privando a los menores de una educación adecuada conforme a ley.[3] Tras un extenso trámite procesal, y luego de celebrada una vista administrativa, en la cual se identificó una posible ubicación en la Escuela Segunda Unidad Ruiz Gandía, la cual se aceptó de manera condicionada por la apelante,[4] mediante *Minuta y Orden* emitida y notificada el 23 de octubre del 2025,[5] el referido foro ordenó lo siguiente, respecto a los menores de edad en cuestión:

> PRIMERO: El Departamento de Educación nombrará/contratará una maestra bilingüe para el salón pequeño en la Escuela Manuel Ruiz Gandía (donde estarán ubicados los estudiantes), dentro de un término de treinta (30) días contados desde la notificación de esta Orden.
>
> SEGUNDO: Mientras se formaliza el nombramiento de maestra, el Departamento proveerá servicios educativos en el hogar de manera provisional mediante proveedor externo. A tales fines, en quince (15) días el Departamento someterá moción informativa identificando el proveedor, la modalidad, el cronograma de inicio y la frecuencia de los servicios (según las propuestas que obtenga, por ejemplo, Education for Inclusion).
>
> TERCERO: Se ordena el nombramiento de dos asistentes (uno por cada estudiante), de forma individual, desde el inicio de su inserción escolar. Esta orden se fundamenta en la evidencia pericial de la Psicóloga Delgado (riesgo de desregulación y seguridad), y deberá constar para fines de Recursos Humanos que habrá dos asistentes en el mismo salón por las razones clínicas expuestas. Esta medida podrá

---

[2] SUMAC TPI, a la Entrada Núm. 1, Anejo II y Anejo III, pág.1, respectivamente.
[3] *Íd.*
[4] *Íd.,* pág. 3, respectivamente.
[5] *Íd.,* a la Entrada Núm. 1, Anejo I.

revisarse en COMPU según avance la adaptación de los estudiantes.

CUARTO: Se ordena la matrícula de ambos estudiantes en la Escuela Manuel Ruiz Gandía y el traslado de expediente desde la escuela Luis A. Ferré. Dadas las circunstancias particulares, el proceso deberá facilitarse por medios virtuales/online o por correo electrónico, enviando a la madre instrucciones claras y la confirmación de radicación.

QUINTO: Se señala vista de seguimiento para el 24 de noviembre de 2025 a las 2:00p.m., por videoconferencia. Las partes quedan citadas. En esa sesión se revisará: (i) moción/propuesta de proveedor para servicios en el hogar, (ii) estado del nombramiento de maestra bilingüe y de los asistentes1:1, (iii) calendario de evaluaciones y terapias, y (iv) estado de matrícula/traslado de expediente.

SEXTO: Se extienden los términos para emitir la Resolución Final de la querella hasta el día 20 de enero de 2026 por existir justa (sic) de la parte querellante garantizando el debido proceso, conforme a lo dispuesto en ley y reglamento.[6]

Así las cosas, y tras celebrarse una vista de seguimiento y de presentarse por parte del Departamento de Educación una Moción en Cumplimiento de Orden, a la cual se opuso la apelante, se emitieron dos (2) dictámenes intitulados *Resolución Final y Orden*, una el 13 de enero de 2026, en el caso QEE-2425-01-06-02004,[7] y otra el 20 de enero de 2026, en el caso QEE-2425-01-06-02005.[8] Entiéndase, una para cada menor de edad. A través de las aludidas resoluciones se declaró *Ha Lugar* la querella presentada por la apelante. El aludido foro administrativo concluyó que, si bien el Departamento de Educación había realizado actos administrativos tendientes al complimiento, esos actos no habían resultado en la provisión efectiva de FAPE a los estudiantes.[9] En mérito anterior, se ordenó al Departamento de Educación a cumplir con lo siguiente:

PRIMERO: Se ordena el nombramiento de dos asistentes (uno por cada estudiante), de forma individual, desde el inicio de su inserción escolar. Esta orden se fundamenta en la evidencia pericial de la Psicóloga Delgado (riesgo de desregulación y seguridad), y deberá constar para fines de Recursos Humanos que habrá dos asistentes en el mismo salón por las razones clínicas expuestas. Esta medida podrá revisarse en COMPU según avance la adaptación de los estudiantes.

---

[6] SUMAC TPI, a la Entrada Núm. 1, Anejo I, págs. 3-4.
[7] *Íd.*, Anejo II.
[8] *Íd.*, Anejo III.
[9] *Íd.*, Anejo II y Anejo III, pág. 14, respectivamente.

SEGUNDO: Se ordena al Departamento de Educación que provea una ubicación en salón especial con maestra bilingüe, asistente de servicios y matrícula reducida. De no encontrar una ubicación privada se ordena al Departamento en o antes del 10 de febrero de 2026, la agencia para crear la ubicación determinada como apropiada ose compre el servicio en el mercado privado. Además, se ordena al Departamento.

TERCERO: Se ordena coordinar en el término de 30 días los servicios relacionados terapias psicológicas a 2 veces por semana 30 minutos individual y terapia educativa3 por semana duración 45 minutos individual. El servicio será ofrecido a través del Departamento de Educación.

CUARTO: Se ordena al Departamento de Educación que se realice el plan de transición en cualquier escuela que el estudiante est[é] ubicado y se continúe con lo establecido en Programa Aprendices del español (Corel) para trabajar con las necesidades del idioma español.

QUINTO: Se ordena al Departamento de Educación emitir el referido para evaluación psicológica, evaluación psicoeducativa y evaluación en procesamiento auditivo en o antes del 30 de enero de 2026.

SEXTO: Se ordena el cierre y archivo de la querella de epígrafe.[10]

De ahí, el 18 de marzo de 2026, el Estado Libre Asociado de Puerto Rico, en representación del Departamento de Educación interpuso una *Petición para hacer cumplir Resolución y Orden Administrativa* contra la apelante.[11] Acotó que el foro de instancia debía obligar a la apelante a cumplir con la *Minuta y Orden* del 23 de octubre de 2025, emitida en el caso QEE-2425-01-06-02004,[12] así como con la *Resolución Final y Orden*, emitida el 13 de enero de 2026, por el Departamento de Educación en el caso QEE-2425-01-06-02004,[13] y la *Resolución Final y Orden* emitida el 20 de enero de 2026, en el caso QEE-2425-01-06-02005.[14]

Explicó que, de acuerdo con la *Minuta y Orden,*[15] surgía la obligación de la apelante sobre matricular a sus dos (2) hijos en la Escuela en el municipio de Arecibo. Añadió que esto era necesario para satisfacer las necesidades educativas y relacionadas de ambos

---

[10] SUMAC TPI, a la Entrada Núm. 1, Anejo II, págs. 15-16.
[11] *Íd.*, a la Entrada Núm. 1.
[12] *Íd.,* Anejo I.
[13] *Íd.*, Anejo II.
[14] *Íd.*, Anejo III.
[15] *Íd.*, Anejo I.

menores y que, en virtud de lo anterior, se habilitó un salón especial con matrícula reducida (2 a 3 estudiantes), maestra bilingüe y un asistente de servicio personal para cada estudiante. Esgrimió que la apelante se había negado a realizar el trámite de matricular a los menores. A tenor, solicitó al foro de instancia que se ordenara a la apelante a matricular a los menores y a participar activamente del proceso, así como de las reuniones del COMPU.

En respuesta, el 24 de marzo de 2026, la apelante presentó una *Moción en oposición a petición de ejecución y solicitud de desestimación.*[16] Alegó que la alegación de incumplimiento en su contra carecía de fundamento legal, dado a que el deber de matrícula no era independiente ni absoluto, si no condicionado al cumplimiento del Departamento de Educación con la provisión de una educación gratuita y apropiada, conforme al Plan Educativo Individualizado (PEI) y a la ubicación educativa adecuada de ambos menores. Por otro lado, acentuó que había matriculado en la Escuela Luis A. Ferré Ag[u]ayo a ambos menores en cada año escolar, incluyendo el entrante, la cual proveía el único currículo en inglés o bilingüe en el Municipio de Arecibo, conforme a las necesidades educativas de los menores. Indicó que, lo anterior, podía ser confirmado por las minutas firmadas por la representación legal del Departamento de Educación y la facilitadora docente. A tenor, arguyó que no se había negado a matricular a sus hijos en una escuela, si no que se abstuvo de colocarlos en una instrucción educativa que violaba las leyes aplicables, su Programa Educativo Individualizado (PEI) vigente y las recomendaciones periciales aceptadas por el propio Departamento de Educación. Por lo antes expuesto, peticionó, entre otras cosas, que: (i) se declarara sin lugar la petición presentada por el Departamento de Educación y se

---

[16] SUMAC TPI, a la Entrada Núm. 6.

desestimara la misma; (ii) se reconociera que los menores estaban actualmente matriculados en una escuela apropiada según sus PEI vigentes, por lo que el rechazo de la escuela propuesta por el Departamento de Educación fue sustentado en razones legales; y (iii) se ordenara la continuación de los procedimientos de ejecución y desacato como el mecanismo adecuado para atender el incumplimiento institucional del Departamento de Educación, presuntamente documentado en el caso AR2026CV00507,[17] , en la alternativa, se consolidaran ambos casos para evitar la duplicidad de incumplimientos.[18] Por otra parte, adujo que era una persona con condiciones que requerían acomodos razonables, lo cual activaba las protecciones bajo el Titulo II de la Ley de Estadounidenses con Discapacidades (ADA) y las de otras leyes locales aplicables. Específicamente, peticionó que los procesos se limitaran a la comunicación escrita, dado a ciertas barreras que pudieran suscitarse tanto en vistas virtuales o presenciales. De otra parte, resaltó que sostenía una condición crónica que limitaba su capacidad para escribir, utilizar dispositivos electrónicos, preparar y presentar escritos, así como participar efectivamente en los procesos judiciales. En vista de lo anterior, solicitó flexibilidad en los términos y acceso para radicar electrónicamente, así como para ver el expediente por el portal de SUMAC.

Así las cosas, mediante *Orden* emitida y notificada el 24 de marzo de 2026, el tribunal de instancia señaló vista para el 15 de junio de 2026.[19]

---

[17] Huelga acentuar que en su escrito de oposición la apelante indicó que el número del caso era PSAR2026CV00006. Sin embargo, luego presentó una moción por derecho propio a los fines de corregir el alfanumérico. Véase, SUMAC TPI, a la Entrada Núm. 7.

[18] Precisa señalar que el alfanumérico AR2026CV00507 corresponde a un pleito civil sobre ejecución de resoluciones administrativas y desacato presentado por la parte apelante en contra del Departamento de Educación. Revisado el SUMAC TPI, se desprende que este pleito se encuentra activo, pero sin señalamiento próximo y con términos vencidos.

[19] SUMAC TPI, a la Entrada Núm. 9.

Luego, el 30 de marzo de 2026, la apelante interpuso una *Moción urgente solicitando resolución sumaria.*[20] Esbozó que en el caso de epígrafe no existían controversias sobre los hechos esenciales. Particularmente, puesto a que había resoluciones administrativas finales, firmes y vinculantes, así como PEI vigentes e informes periciales aceptados por el propio Departamento de Educación. De otra parte, reseñó que el referido departamento no había presentado evidencia de cumplimiento con lo anterior, de modo que no existía disputa de la negativa persistente de esta parte en cumplir con sus obligaciones ya determinadas. Así, pues, solicitó que se dictara sentencia sumaria a su favor, para evitar la dilación innecesaria en un caso en el cual los hechos ya estaban establecidos. Conviene mencionar que la apelante no anejó ningún documento para apoyar su petitorio.

En respuesta, mediante *Orden* emitida y notificada en igual fecha, el tribunal *a quo* dispuso de un término a la parte apelada para reaccionar a lo peticionado por la apelante.[21]

Así las cosas, el 2 de abril de 2026, compareció el Departamento de Educación mediante *Réplica a "Moción en oposición a petición de ejecución y solicitud de desestimación".*[22] Planteó que, pese a que la apelante persistía en alegar un supuesto incumplimiento por parte del Departamento de Educación, era ella quien había incumplido con el proceso para que los estudiantes fuesen ubicados en la Escuela para recibir servicios educativos. Incluso, resaltó que, contrario a lo alegado por la apelante, los menores S.B.F y A.B.F no estaban matriculados ni recibiendo servicios educativos en escuela alguna. Recordó que su petitorio se centraba en que la apelante diera fiel cumplimiento a dos (2) órdenes

---

[20] SUMAC TPI, a la Entrada Núm. 13.
[21] *Íd.,* a la Entrada Núm. 14.
[22] *Íd.,* a la Entrada Núm. 17.

emitidas por el foro administrativo, las cuales le requerían a la apelante matricular a ambos menores en la Escuela Manuel Ruiz Gandía. Destacó que el referido foro no admitió discreción sobre este asunto, por lo cual la apelante tenía que cumplir. A tenor, solicitó que se declarara sin lugar la *Moción en oposición a petición y solicitud de desestimación*, y que se le ordenara a la apelante a dar fiel cumplimiento a las órdenes señaladas. De igual forma, peticionó que se emitiera un señalamiento de vista en una fecha más cercana, debido a la urgencia del asunto.

Entonces, mediante *Orden* emitida y notificada el 6 de abril de 2026, el tribunal de instancia dispuso que todos los asuntos serían atendidos en la vista programada para el 15 de junio de 2026.[23]

Subsiguientemente, el 9 de abril de 2026, la apelante incoó una *Moción solicitando que se tengan por no controvertidos los hechos esenciales, ausencia de oposición a adjudicación por autos y solicitud de adjudicación*.[24] En esencia, expresó que el Departamento de Educación no había presentado oposición a su *Moción urgente solicitando resolución sumaria*, por lo que los hechos previamente alegados y documentados debían tomarse por ciertos, quedando solamente pendiente que el Tribunal resolviera conforme a derecho. Solicitó, entre otras cosas, que se adjudicara el caso de autos, así como que se denegara la celebración de la vista, por la inexistencia de controversias materiales de hechos.

En esa misma fecha, la apelante también presentó una *Moción en oposición a celebración de vista y solicitud de adjudicación por autos*.[25] En esta, esbozó básicamente los mismos argumentos que expuso en su moción previa.

---

[23] SUMAC TPI, a la Entrada Núm. 18.
[24] *Íd.*, a la Entrada Núm. 19.
[25] *Íd.*, a la Entrada Núm. 20.

Luego, el 10 de abril de 2026 el Departamento de Educación compareció mediante *Moción informativa y para suplementar réplica.*[26] En síntesis, expuso que, en su escrito del 2 de abril de 2026, se hizo referencia a unos anejos los cuales no fueron incluidos por error e inadvertencia. A tenor, adjuntó los documentos que debieron haber acompañado el referido escrito.

De ahí, mediante distintas órdenes, el tribunal de instancia sostuvo su determinación de atender los asuntos en la vista señalada para el 15 de junio de 2026. Sin embargo, días más tarde, mediante *Orden* emitida y notificada el 14 de abril de 2026, el foro *a quo* adelantó la fecha de la vista para el 24 de abril de 2026.[27] Esto a solicitud del Departamento de Educación, quien peticionó que se calendariza una vista para una fecha más cercana, en vista de que, para junio de 2026, el año escolar ya habría finalizado y la petición se tornaría académica.[28]

De otra parte, el 20 de abril de 2026, el Departamento de Educación presentó su *Oposición a moción urgente solicitando resolución sumaria.*[29] Alegó que el escrito de la peticionaria no cumplía con los requisitos y exigencias de la Regla 36 de Procedimiento Civil,[30] por lo que no podía ser evaluado como una moción de sentencia sumaria.

En igual fecha, la apelante interpuso otra *Moción urgente solicitando resolución por autos y oposición a vista.*[31] Particularmente, resaltó que era una persona con impedimento de procesamiento auditivo, por lo cual requería comunicación visual y escrita. Por otra parte, reseñó una serie de barreras físicas y de acceso al tribunal, entre ellas, el cuido de los menores con

---

[26] SUMAC TPI, a la Entrada Núm. 21.
[27] *Íd.*, a la Entrada Núm. 26.
[28] *Íd.*, a la Entrada Núm. 25.
[29] *Íd.*, a la Entrada Núm. 27.
[30] 32 LPRA Ap. V, R. 36.
[31] SUMAC TPI, a la Entrada Núm. 28.

discapacidad, las cuales limitaban su acceso efectivo, tanto a la comparecencia presencial como a la participación por videoconferencia. En respuesta, el foro de instancia, mediante *Orden* emitida y notificada el 20 de abril de 2026, atendió la moción a modo de reconsideración. Así pues, la declaró *No Ha Lugar* y reiteró que los asuntos serían atendidos en la vista programada.[32]

De lo que sigue, el 21 de abril de 2026, compareció la apelante mediante tres (3) escritos. El *primero* fue una *Moción en cumplimiento parcial y reiterando solicitud de acomodos razonables bajo ADA*.[33] Esbozó que el tribunal primario en su *Orden* del 20 de abril de 2026, nada dispuso respecto a su solicitud de acomodos razonables. Arguyó que la omisión del referido foro en adjudicar los acomodos solicitados, combinada con la continuación de los procedimientos sin garantizar accesibilidad, resultaba en una violación de la Ley ADA. A tenor, solicitó al Tribunal adjudicar expresamente los acomodos razonables solicitados.

El *segundo* escrito fue una *Réplica a oposición y solicitud de adjudicación por autos*.[34] En esencia, reiteró los argumentos planteados en sus pasados escritos. Solicitó, entre otras cosas, que se adjudicara el caso por autos y se omitiera la celebración de la vista.

El *tercer* y último escrito fue una *Moción de constancia para récord sobre violaciones procesales, denegación de acceso a la justicia e impugnación de orden*.[35] Acotó que, a la fecha, el tribunal no había emitido órdenes de emplazamiento, impartido instrucciones claras, ni adjudicado ciertas mociones sustantivas. Por lo anterior, arguyó que el curso procesal impedía adjudicar en

---

[32] SUMAC TPI, a la Entrada Núm. 29.
[33] *Íd.*, a la Entrada Núm. 31.
[34] *Id.*, a la Entrada Núm. 32.
[35] *Íd.,* a la Entrada Núm. 33.

los méritos el caso. Además, reiteró el hecho de que el Tribunal había ignorado sus solicitudes de acomodo razonable.

Así las cosas, el 24 de abril de 2026, el tribunal de instancia celebró vista.[36] Durante la misma, las partes argumentaron sobre sus respectivas posiciones. Según se desprende de los autos, el Estado Libre Asociado de Puerto Rico compareció mediante sus representantes legales y por una abogada del Departamento de Educación, así como por la Dra. Iris Y. Amones Gaud, directora del Centro de Servicios de Educación Especial de Arecibo. La apelante compareció por derecho propio.

Escuchados los argumentos, el foro *a quo* dio por sometido el asunto. Producto de la vista celebrada, el 7 de mayo de 2026, el tribunal de instancia emitió la *Sentencia* objeto de este recurso.[37] Como parte del dictamen emitido, el foro *a quo* consignó las siguientes diez (10) determinaciones de hechos:

1. El 27 de junio de 2025, la Sra. Julia Feliz Barrera presentó las querellas QEE-2425-01-06-02004 y QEE-2425-01-06-02005 donde alegó que el DEPR no había proporcionado una ubicación adecuada para sus hijos S.B.F. y A.B.F.

2. Como parte del trámite administrativo de dichas querellas, el 15 de septiembre de 2025 se realizó la reunión del Comité de Programación y Ubicación (COMPU) y como resultado se completó el Plan Educativo Individualizado (PEI) inicial de ambos estudiantes para el año escolar 2025-2026.

3. El 22 de octubre de 2025, se celebró un Vista Administrativa relacionada con la querella QEE-2425-01-06-02004 como parte de la cual se identificó la Escuela Segunda Unidad Manuel Ruiz Gandía en Arecibo, como ubicación adecuada, aunque sujeta a condiciones establecidas por la Sra. Feliz Barrera.

4. El 23 de octubre de 2025, el Foro Administrativo ordenó la matrícula de ambos estudiantes en la Escuela Manuel Ruiz Gandía y el traslado del expediente desde la escuela Luis A. Ferré Aguayo en Arecibo.

5. El 13 de enero de 2026, el Foro Administrativo dictó Resolución en la querella QEE-2425-01-06-02004.

---

[36] SUMAC TPI, a la Entrada Núm. 35.
[37] *Íd.*, a la Entrada Núm. 44.

6. El 20 de enero de 2026, el Foro Administrativo dictó Resolución en la querella QEE-2425-01-06-02005.

7. Las determinaciones administrativas no fueron reconsideradas ni revisadas ante el Tribunal de Apelaciones, por lo que advinieron finales y firmes.

8. El DEPR realizó los nombramientos ordenados y proporcionó la ubicación adecuada en la Escuela Segunda Unidad Manuel Ruiz Gandía.

9. El DEPR acondicionó un salón especial con maestra bilingüe, dos asistentes de servicios —uno para cada estudiante— y matrícula reducida, en cumplimiento total del mandato administrativo.

10. La Sra. Feliz Barrera no ha matriculado a sus hijos S.B.F. Y A.B.F. en la Escuela Segunda Unidad Manuel Ruiz Gandía.[38]

Apoyado en las determinaciones de hecho consignadas, el foro de instancia declaró *Ha Lugar* la petición para hacer cumplir *Resolución y Orden Administrativa*. En consecuencia, (i) ordenó a la apelante a que en el término de cinco (5) días matriculara a sus hijos S.B.F. y A.B.F. en la Escuela; (ii) apercibió a la apelante sobre su deber de desempeñar un papel activo y de buena fe con los COMPU de cada uno de sus hijos,  y  (iii) dispuso que retendría jurisdicción para atender los ruegos de la apelante en la eventualidad de que el Departamento de Educación no cumpliese con su deber ministerial de brindar servicios adecuados en conformidad a sus dos hijos en la Escuela.

Por otro lado, dispuso que, si la apelante no cumplía con lo ordenado dentro del término establecido, podría ser encontrada incursa en desacato. Además, dictaminó que de mediar ruegos de la apelante de que el Estado estuviese incumpliendo con los servicios a sus dos (2) hijos en la Escuela, también podría ser encontrado incurso en desacato. Añadió que, de entenderlo necesario, podría nombrar defensores judiciales a los menores y/o hacer referidos al

---

[38] SUMAC TPI, a la Entrada 44, págs. 5-6.

Honorable Procurador de la Familia, para garantizar y preservarlos derechos constitucionales de los menores.

En su dictamen, la primera instancia judicial concluyó que la cuestión en este caso era adjudicar la procedencia del pedimento de la parte apelada para que se cumpliera con una *Minuta y orden*, así como con las dos (2) resoluciones finales y orden administrativa, con la finalidad de que la apelante matriculara a los menores en la Escuela y quedara apercibida sobre ciertas responsabilidades en torno a sus dos (2) hijos. El foro *a quo* razonó que quedó evidenciado, tanto del expediente judicial como del récord del Tribunal, que el Departamento de Educación realizó y evidenció el cumplimiento con lo requerido con lo mandatado por el foro administrativo. Concluyó, además, que resultaba imperativo que la apelante matriculara a los menores en la Escuela, cosa que no había ocurrido. Juzgó como inaceptable el que los menores se encontraran sin recibir educación desde el mes de agosto de 2025.

Inconforme con el resultado, el 8 de mayo de 2026, la apelante interpuso una solicitud de reconsideración,[39] la cual fue denegada mediante *Orden* emitida el 10 de mayo de 2026 y notificada al día siguiente.[40] Posterior a la determinación en reconsideración, la apelante incoó varios escritos al foro de instancia,[41] los cuales, conforme a la última *Orden* emitida, el tribunal *a quo* dispuso: "Atendida la reiterada reconsideración. At[é]ngase. Nada m[á]s que disponer."[42]

En desacuerdo, el 12 de mayo de 2026, compareció la apelante mediante un recurso apelativo en el cual esgrimió lo siguientes once (11) señalamientos de error:

> A. Erró al convertir una controversia de incumplimiento de FAPE, PEI, servicios, ubicación, transición y derechos

---

[39] SUMAC TPI, a la Entrada Núm. 45.
[40] *Íd.,* a la Entrada Núm. 46.
[41] *Íd.,* a las Entradas Núm. 47, 48, 49, 53 y 54.
[42] *Íd.,* a la Entrada Núm. 56.

federales bajo IDEA en una orden de matrícula bajo amenaza de desacato.

B. Erró al concluir o aceptar que el Departamento de Educación cumplió, cuando las resoluciones administrativas finales y el récord demuestran incumplimiento sustancial y falta de implementación efectiva.

C. Erró al ordenar matrícula en Manuel Ruiz Gandía sin resolver primero la falta de consentimiento de ambos padres custodios, incluyendo la exclusión del padre por falta de interpretación competente.

D. Erró al tratar el rechazo documentado de una ubicación específica como negativa a educar, cuando la compareciente ha solicitado consistentemente ejecución de PEI vigentes, resoluciones finales, minutas y recomendaciones periciales aceptadas.

E. Erró al no resolver la premisa falsa o no certificada de "no matrícula," cuando la compareciente ha sostenido y documentado que los menores estaban matriculados en Luis A. Ferré Ag[u]ayo.

F. Erró al permitir que una matrícula coaccionada pueda funcionar como vehículo para reabrir, modificar, reducir o eliminar derechos ya establecidos en PEI, resoluciones administrativas y recomendaciones aceptadas.

G. Erró al no adjudicar ni implementar acomodos razonables bajo ADA antes de amenazar con desacato a una litigante pro se con necesidades de comunicación y procesamiento por discapacidad.

H. Erró al no garantizar notificación efectiva, acceso completo al expediente, minutas completas y oportunidad escrita de corregir u objetar antes de imponer términos y amenaza de desacato.

I. Erró al permitir que el Departamento de Educación o el Estado utilicen la Sentencia, la amenaza de desacato o una teoría de "no matrícula" para activar o reforzar consecuencias ante el Departamento de la Familia.

J. Erró el TPI al denegar o no adjudicar acomodos razonables bajo la ADA utilizando como excusa la falta del Formulario OAT 1948, a pesar de que dicho formulario no es obligatorio y la compareciente solicitó acomodos por escrito mediante moción.

K. Erró el TPI al continuar términos y amenaza de desacato sin corregir la falta de notificación efectiva y acceso al expediente, aun después de que la compareciente informó que no recibía órdenes, minutas ni entradas completas por SUMAC o correo electrónico, salvo la Sentencia adversa.

Junto al recurso, la apelante presentó una *Solicitud para declaración de indigencia.* Al día siguiente, interpuso un escrito en el cual, en esencia, solicitó la paralización de los procedimientos ante el foro de instancia.

Mediante *Resolución* emitida el 13 de mayo de 2026, autorizamos a la apelante a litigar como indigente; declaramos *No Ha Lugar* la solicitud sobre paralización de los procedimientos, y le concedimos a la parte apelada hasta el 28 de mayo de 2026 para presentar su alegato en oposición.

Por otro lado, el 18 de mayo de 2026, la apelante interpuso una *Moción de reconsideración y renovada solicitud urgente de orden en auxilio de jurisdicción.* Examinada la misma la declaramos No Ha Lugar. Ahora bien, acortamos el término concedido a la parte apelada para presentar su alegato en oposición, disponiendo que la fecha sería el 21 de mayo de 2026.

El 21 de mayo de 20256, compareció la parte apelada mediante *Alegato del Estado.* Con el beneficio de la comparecencia de las partes, procederemos a disponer del recurso instado.

II

### A. La Petición para Hacer Cumplir Órdenes y Resoluciones Administrativas

Es norma harta conocida que las agencias administrativas, a diferencia de los tribunales, no cuentan con poder coercitivo para obligar a que se cumplan sus órdenes y resoluciones.[43] En consecuencia, se ha reconocido la facultad de acudir al tribunal de instancia para solicitar que se ponga en vigor cualquier orden de cesar y desistir o cualquier orden correctiva.[44] De manera que, si el foro primario declara con lugar la petición, la persona que incumpla con el dictamen incurrirá en desacato al Tribunal.[45]

Precisa señalar que el anterior procedimiento no debe confundirse con el procedimiento de revisión judicial.[46] Esta ultima tiene como fin delimitar la discreción de los organismos administrativos, para asegurar que ejerzan sus funciones conforme

---

[43] *Ortíz Matías v. Mora Development,* 187 DPR 649, 655 (2013).
[44] *Íd.,* a la pág. 656
[45] *Íd.*
[46] *Íd.*

a la ley y de forma razonable.[47] A tales efectos, el Artículo 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico[48] otorga competencia apelativa al Tribunal de Apelaciones para revisar las decisiones, órdenes y resoluciones finales de las agencias administrativas.[49] Empero, quien interese que este foro apelativo ejerza su facultad revisora, debe presentar su recurso de revisión judicial en el término jurisdiccional de treinta (30) días, conforme dispone la su Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG).[50] La antedicha sección provee que este plazo comienza a partir de la fecha en que se archive en autos la notificación de la resolución, o desde la fecha en que se interrumpa ese término mediante la oportuna presentación de una moción de reconsideración.[51]

Igualmente, una parte adversamente afectada por una resolución u orden de una agencia puede optar por solicitarle a la agencia que reconsidere su determinación, previo a acudir en revisión judicial.[52] La parte promovente tendrá veinte (20) días, desde la fecha de archivo en autos de la notificación de la resolución u orden, para presentar una moción de reconsideración.[53] De ahí, la agencia contará con quince (15) días para disponer si considerará la solicitud.[54]

Establecido lo anterior, huelga apuntalar que, el procedimiento antes señalado para poner en vigor una orden o resolución, ocurre en una etapa posterior a la revisión judicial. Es decir, una vez el dictamen adviene final y firme.[55] A tales efectos, en el procedimiento de ejecución de orden no debe pasarse juicio sobre

---

[47] *Empresas Ferrer v. A.R.Pe.*, 172 DPR 254, 264 (2007).
[48] Ley Núm. 201-2003, 4 LPRA sec. 24y(c).
[49] *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014).
[50] Ley 38-2017, 3 LPRA sec. 9672.
[51] *Íd.*
[52] *Íd.*, Sección 3.15, 3 LPRA sec. 9655.
[53] *Íd.*
[54] *Íd.*
[55] *Ortíz Matías v. Mora Development*, supra, a las págs. 656-657.

la corrección del dictamen de la agencia, como tampoco "debe convertirse en un ataque colateral a la decisión ni en un método alterno de revisión judicial".[56]

### III

En el presente caso, la apelante acude ante esta Curia mediante once (11) señalamientos de error, a través de los cuales muestra su inconformidad con una *Sentencia* en la cual se le requirió cumplir con una determinación del Foro Administrativo de Educación Especial (foro administrativo) *so pena* de desacato. Por estar íntimamente relacionados, atenderemos en conjunto los errores identificados con la letra **H y K.** Igual curso tomaremos con los errores identificados con la letra **G y J**, así como los identificados con la letra **A, B, C, D, E, F, I.**

Comenzamos por acentuar que la apelante es madre de dos (2) estudiantes participantes del Programa de Educación Especial del Departamento de Educación. Así, pues, según ya relatamos, la controversia de marras inició en el foro administrativo cuando esta presentó una *Querella* contra el Departamento de Educación. Alegó que no se le estaba brindando a sus dos (2) hijos, menores de edad, una ubicación escolar conforme al PEI, ni los servicios de apoyo necesarios, de forma que se les estaba privando de una educación adecuada conforme a la ley.

Durante el trámite procesal en el foro administrativo se identificó una Escuela, la cual se aceptó de manera condicionada por la apelante. Luego, producto de la celebración de una vista, el 23 de octubre de 2025, se emitió una *Minuta y Orden*, en la cual se ordenó a la apelante a matricular a sus dos (2) hijos en la referida institución escolar. De otra parte, al Departamento de Educación se le ordenó a realizar un sin número de gestiones para que la escuela

---

[56] *Ortíz Matías v. Mora Development*, supra.

determinada estuviese en las condiciones adecuadas para atender las necesidades de los menores. Posteriormente, producto de una vista de seguimiento, el foro administrativo concluyó que el Departamento de Educación había incumplido con varias de las gestiones ordenadas en la *Minuta y Orden*, por lo que emitió dos (2) dictámenes intitulados *Resolución Final y Orden*, uno a favor de cada menor. En estos, razonó que, si bien el Departamento de Educación había realizado actos administrativos dirigidos al cumplimiento de la *Minuta y Orden*, esos actos no habían resultado en la provisión efectiva de FAPE (Free appropriate public education) a los estudiantes.

A tenor, declaró *Ha Lugar* la Querella interpuesta por la apelante, y le ordenó al Departamento de Educación a cumplir con ciertas gestiones para el beneficio de los menores, entre ellas, el nombramiento de asistentes y maestras, coordinación de servicios psicológicos y efectuar un plan de transición, las cuales eran cónsonas con lo ordenado previamente en la *Minuta y Orden*.

Ahora bien, pese a lo anterior, el foro administrativo no dejó sin efecto la *Minuta y Orden* de 23 de octubre de 2025, de manera que la apelante aún debía cumplir con matricular a los estudiantes en la institución educativa identificada, cosa que no había ocurrido. Mas aún, que esta gestión serviría de base para que el Departamento de Educación pudiese dar cumplimiento a todos los servicios ordenados por el foro administrativo.

A tales efectos, el Departamento de Educación, luego de que los dictámenes administrativos adviniesen finales y firmes,[57] presentó en la primera instancia judicial una *Petición para hacer cumplir Resolución y Orden Administrativa* contra la apelante. Ello, en vista de que, a la fecha, esta no había matriculado a sus hijos en

---

[57] Puntualizamos que los dictámenes no fueron objeto de revisión judicial ante este Foro.

la Escuela determinada. Tras varios trámites procesales, los cuales incluyeron, pero no se limitaron a la reiterada oposición de la apelante, alegando que el Departamento de Educación era quien tenía que cumplir con proveer los servicios ordenados por el foro administrativo, así como luego de haber celebrado una vista argumentativa, el tribunal *a quo* emitió la *Sentencia* que nos ocupa.

Mediante este dictamen, el foro administrativo ordenó a la apelante a que, dentro del término de cinco (5) días, matriculara a sus hijos S.B.F. y A.B.F. en la Escuela determinada, *so pena* de desacato. Por otra parte, apuntaló que, en la eventualidad de que el Departamento de Educación no cumpliera con su deber ministerial de brindar los servicios adecuados a los menores de edad, este también pudiera encontrarse incurso en desacato.

Sin el ánimo de resultar reiterativos, pero, según expusimos en nuestra exposición doctrinal previa, las agencias administrativas, a diferencia de los tribunales, no cuentan con poder coercitivo para para obligar a que se cumplan con sus órdenes y resoluciones.[58] En consecuencia, tal como ocurrió en este caso se podrá acudir al foro primario para peticionar poner en vigor cualquier orden emitida por una agencia administrativa. En respuesta, y tal como procedió el juzgador de instancia en el caso de marras, se podrá ordenar el cumplimiento de la orden *so pena* de desacato.[59] Es importante tener en cuenta que esta petición no debe confundirse como una revisión judicial. A diferencia de esta última, la petición para hacer cumplir se presenta cuando el dictamen adviene final y firme.[60] De manera que al evaluar esta petición no debe pasarse juicio sobre la corrección del dictamen de la agencia ni convertirse en un método

---

[58] *Ortíz Matías v. Mora Development,* supra, a la pág. 655.
[59] *Íd.,* a la pág. 656.
[60] *Íd.,* a las págs. 656-657.

alterno de revisión judicial.[61] Entiéndase que, esta petición se limita para hacer cumplir el dictamen de la agencia.

Dicho lo anterior, y con todo lo anterior en mente, comenzaremos la discusión de los errores esgrimidos por la apelante.

En los errores identificados con la letra **H y K**, la apelante alega que, durante los procedimientos ante la primera instancia judicial, hubo falta de notificación efectiva, puesto a que esta no tenía acceso al expediente, así como que dejó de recibir notificaciones completas por el SUMAC y por correo electrónico. Por otro lado, relacionado a la cuestión de la notificación, plantea en su recurso, que el padre de los menores, el Dr. Wolfram M. Brueck, no firmó el PEI, la minuta del COMPU, ni el documento de ubicación aceptando la Escuela en cuestión. De forma que este fue excluido de participar significativamente en los procesos, aun cuando es padre custodio legal con derechos plenos. No estamos de acuerdo.

Tras revisar detenidamente los autos en el SUMAC TPI, se desprende que la apelante se defendió ampliamente durante los procedimientos, contestó cada uno de los escritos, así como que compareció por derecho propio a la vista argumentativa. De manera que no nos convence su alegación de que no fue notificada efectivamente de los escritos de la parte apelada y de los dictámenes del Tribunal. En cuanto al planteamiento respecto al padre de los menores, según ya expusimos, la petición para poner en vigor una orden o resolución administrativa, ocurre en una etapa posterior a la revisión judicial, y no debe confundirse con esta última. En otras palabras, se puede presentar únicamente cuando el dictamen adviene final y firme.[62] Por tanto, en la evaluación de esta petición no "debe convertirse en un ataque colateral a la decisión ni en un

---

[61] *Ortiz Matías v. Mora Development,* supra, a las págs. 656-657.
[62] *Íd.*

método alterno de revisión judicial".[63] Siendo así, la primera instancia judicial únicamente tenía facultad para determinar si la apelante había cumplido con los ordenado por el foro administrativo y hacerla cumplir. Quien único estaba llamada a matricular a los menores en la Escuela, según la *Minuta y Orden* traída ante la consideración del Tribunal, era la apelante. De manera que, si esta entendía que el padre de los menores fue excluido de los procesos conducentes a la selección de una Escuela apropiada, debió haberlo planteado ante el foro administrativo. De otra parte, conviene mencionar que, según se desprende de los autos, la apelante compareció sin el padre de los menores ante el foro administrativo, así como ante el tribunal de instancia. Es decir, que el padre de los menores nunca formó parte de los procedimientos.

Puntualizamos, además, que el Artículo 592 del Código Civil de Puerto Rico de 2020 dispone que la patria potestad se puede ejercer por ambos progenitores, o por cualquiera de ellos en beneficio de su hijo.[64] Por otro lado, los actos de patria potestad de la apelante, en este caso no se encuentran dentro de los tipificados por el Articulo 594, en los cuales ambos progenitores tienen que ejercer la patria potestad en conjunto.[65] A tenor, colegimos que los argumentos de la apelante en torno a estos dos (2) errores, cónsono al estudio de la totalidad del expediente ante nos y al marco doctrinal, carecen de mérito.

Por otra parte, en los errores identificados con las letras **G y J** la apelante alegó que el tribunal *a quo* incidió al no adjudicar ni implementar acomodos razonables, a su favor, solicitados al amparo de la Ley ADA. Al revisar detenidamente los autos ante nuestra consideración, se desprende que la apelante hizo una multiplicidad

---

[63] *Ortíz Matías v. Mora Development,* supra, a la pág. 656-657.
[64] Ley Núm. 55-2020, 31 LPRA sec. 725.
[65] *Íd.,* 31 LPRA sec. 7253.

de solicitudes en la primera instancia judicial en la cual esbozó la necesidad de acomodos razonables para ella. Sin embargo, todas fueron ignoradas por el tribunal de instancia. De manera que estamos de acuerdo en cuanto a la comisión de estos errores. No obstante, entendemos que, lo anterior, no amerita la revocación del dictamen apelado, dado a que juzgamos que, pese a que no atendieron las solicitudes de acomodo razonable presentadas por la apelante, a esta se le honraron en todo momento las exigencias mínimas del debido proceso de ley. Esto, se evidencia con el hecho de que la apelante tuvo oportunidad de defenderse ampliamente durante el proceso, pese a que esta fue insistente, a través de sus escritos, en que no deseaba representación legal.

Establecido lo anterior, pasemos a discutir el resto de los errores esgrimidos por la apelante, en los cuales, esencialmente esgrime su inconformidad con el hecho de que el tribunal de instancia le ordenó a matricular a sus dos (2) hijos en la escuela *so pena* de desacato. En este punto, insistimos en que, las agencias administrativas, a diferencia de los tribunales, no cuentan con poder coercitivo para para obligar a que se cumplan con sus órdenes y resoluciones.[66] Es por lo anterior, que se ha reconocido la facultad de acudir al tribunal de primera instancia para peticionar poner en vigor cualquier orden emitida por una agencia administrativa. Así, pues, si el foro primario opta por declarar con lugar la petición,[67] las personas que incumplan con el dictamen incurrirán en desacato al tribunal.[68]

Según ya hemos explicado, el Departamento de Educación acudió a la primera instancia judicial a los fines de que la apelante cumpliera con los ordenado mediante *Minuta y Orden* del 23 de

---

[66] *Ortíz Matías v. Mora Development*, supra, a la pág. 655.
[67] *Íd.*, a la pág. 656.
[68] *Íd.*

octubre de 2025, a través de la cual se le ordenó a matricular a sus dos (2) hijos en la Escuela. Esto, para poder poner en vigor los dos (2) dictámenes intitulados *Resolución Final y Orden*, a través de los cuales se le exigió al Departamento de Educación proveerles ciertos servicios a los menores.

Conforme se desprende, pese a que en el foro administrativo la apelante prevaleció en contra del Departamento de Educación, los referidos dos (2) dictámenes, mediante los cuales se declaró *Ha Lugar* su querella, no dejaron sin efecto la orden previa de matricular a los menores en la escuela. Ello, puesto a que, como bien explicó el juzgador de instancia, la matrícula de los menores era necesaria para que el Departamento de Educación pudiese hacer efectivos los servicios ordenados en el foro administrativo. Del expediente se desprende sin ambages que no existe duda de que la apelante no ha matriculado a los menores S.B.F. y A.B.F en la Escuela en este año escolar según se ordenó. Sobre lo anterior, no existe controversia, pues la propia apelante lo admitió a través de sus comparecencias en la primera instancia judicial. Así, pues, nos es forzoso coincidir con la determinación del tribunal primario.

Por otra parte, recordemos que, según ya expresamos, en una petición para hacer cumplir como la incoada en el caso ante nos, el Tribunal solamente podía evaluar el cumplimiento de la orden, no así, si la Escuela era apropiada para los menores, según intentó argüir la apelante durante todo el trámite en instancia. Esto era materia de un recurso de revisión judicial. No obstante, la determinación del foro administrativo cuando dispuso lo que ahora la apelante plantea no fue traída ante esta Curia oportunamente y advino final y firme. Es por lo anterior que, entendemos que los errores **A, B, C, D, E, F, I** no se cometieron. A tenor, procede que confirmemos el dictamen apelado.

La apelante deberá remitirse a lo resuelto por el foro primario y cumplir con matricular a los menores en el tiempo concedido, de lo contrario, tal y cual advertido por el tribunal apelado se le podrá encontrar incursa en desacato, por ser lo procedente en derecho. También recordamos que, como bien le indicó la primera instancia judicial, se deben cumplir las órdenes del foro administrativo por ambas partes, de manera que, si el Departamento de Educación incumple con lo ordenado, y no les brinda a los menores los servicios adecuados, también se le podrá encontrar incurso en desacato. Siendo así, es claro que se trata de obligaciones duales, en el interés óptimo de los dos hijos menores de la apelante.

Expuesto todo lo anterior, colegimos que procede *confirmar* la *Sentencia* apelada. A tenor, se devuelve el caso al foro de instancia para la continuación de los procedimientos sin que sea necesario aguardar por nuestro Mandato.[69]

IV

Por los fundamentos que anteceden, se *confirma* la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[69] Al amparo de la Regla 35 (A) (1) de nuestro Reglamento, la primera instancia judicial puede proceder de conformidad con lo aquí resulto, sin que tenga que esperar por nuestro mandato. *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 55, 215 DPR __ (2025).